IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES EDWARD RIVERS,

    Plaintiff,

v.                                                          CASE NO. 4:12-cv-508-GRJ

TENA PATE, et al,

    Defendants.

_____/

## O R D E R

Plaintiff, an inmate serving a life sentence in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is proceeding pursuant to a first amended complaint (Doc. 5.) The case is presently before the Court on Doc. 13, Defendants' motion to dismiss. Plaintiff filed a response in opposition to the motion to dismiss, Doc. 15, and therefore this matter is ripe for review. The parties have consented to having the undersigned, a U.S. Magistrate Judge, conduct all proceeding and order entry of judgment. (Docs. 8, 9.) For the following reasons, the motion to dismiss is granted.

### I. Background

Plaintiff has been incarcerated since 1976 and is serving a life sentence for first-degree murder. He alleges that on or about July 13, 2011,the Florida Parole Commission suspended his Presumptive Parole Release Date (PPRD) of August 9, 2011. Plaintiff claims that despite his prior work as an elementary school teacher, lack of an extensive criminal record, and status as a model inmate for more than three decades, his PPRD was suspended while other prisoners were given more favorable

treatment. Plaintiff alleges that Defendants denied him due process and equal protection. Plaintiff challenges the evidence Defendants used in deciding to suspend his PPRD. For relief, Plaintiff seeks to subpoena the records of similarly situated prisoners released on parole from 1978-2011, a jury trial, and arbitration. (Doc. 5.)

## II. Defendants' Motion to Dismiss

Defendants contend that dismissal of the second amended complaint is warranted on the following grounds: (1) Plaintiff's suit is barred by Eleventh Amendment immunity; and (2) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 13.)

## III. Standard of Review

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. V. Wilhoit Steel Erectors Rental Serv.,* 400 F.2d 465, 471 (5th Circ. 1968). For the purposes of the motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa County, Fla.,* 21 F. 3d 1532, 1534 (11th Cir. 1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed. R. Civ. P. 10(c); *GSW, Inc. V. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009), the U.S. Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these

facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 129 S. Ct. At 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[1]

## IV. Discussion

### A. Eleventh Amendment Immunity

Defendants contend that Plaintiff's claims are barred by Eleventh Amendment immunity: (1) to the extent Plaintiff alleges Defendants failed to follow state law in suspending in his PPRD; (2) because Defendants are not "persons" under 42 U.S.C. § 1983; and (3) the Eleventh Amendment bars Plaintiff's suit.

Defendants are correct that to the extent Plaintiff is arguing that the Parole Commission failed to follow state law in setting his PPRD, Defendants would be entitled to Eleventh Amendment immunity. *Thorne v. Pate*, 2011 U.S. App. LEXIS 10620, *9 (11th Cir. 2011) (unpublished opinion).

---

[1] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

While state officials acting in their official capacity are generally not considered "persons" subject to suit under 42 U.S.C. § 1983, the U.S. Supreme Court has stated that in actions for prospective relief, such officials would be "persons" under the statute. *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 n. 10 (1989) ("a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (quoting *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14 (1985) and citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). Because Plaintiff is only seeking prospective relief, Defendants would be considered "persons" under § 1983.

For similar reasons, Defendants also argue that Plaintiff's suit is barred by the Eleventh Amendment. However, under the *Ex Parte Young* doctrine, "official capacity suits for prospective relief to enjoin state officials from enforcing unconstitutional acts are not deemed to be suits against the state and thus are not barred by the Eleventh Amendment." *Scott v. Taylor,* 405 F.3d 1251, 1255 (11th Cir. 2005). Thus, insofar as Plaintiff is seeking prospective relief, his suit is not barred by the Eleventh Amendment.

## B. Failure to State a Claim

### 1. Due Process

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Procedural due process is violated where the state fails to provide due process in the deprivation of a protected liberty interest. *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1995) (*en banc*). Neither the Constitution nor the Florida statutes create a liberty interest in parole. *Monroe v. Thigpen*, 932 F.2d 1437, 1441

(11th Cir. 1991); *Staton v. Wainwright*, 665 F.2d 686, 688 (5th Cir. Unit B 1982) ("Since the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, no entitlement to or liberty interest in parole is created by the Florida statutes").

There is also no liberty interest in the calculation of a presumptive parole release date. *See Walker v. Florida Parole Commission,* 299 Fed. Appx. 900, 902 (11th Cir. 2008) (unpublished opinion) ("There is no liberty interest in the calculation of Florida's 'presumptive parole release date' even though it is binding on the Commission, because the ultimate parole decision is a matter of Commission discretion"); *Damiano v. Florida Parole and Probation Comm'n*, 785 F.2d 929, 932 (11th Cir. 1986); *Hunter v. Florida Parole & Probation Comm'n,* 674 F.2d 847 (11th Cir. 1982).

There is, however, an exception to the general principle that there is no liberty interest in parole. A due process claim may be available if the parole board engaged in "arbitrary and capricious" or "flagrant and unauthorized" action in making parole determinations or knowingly relied on false information. *Monroe,* 932 F.2d at 1441; *Thomas v. Sellers,* 691 F.2d 487, 489 (11th Cir. 1982). Thus, in order for Plaintiff to state a claim for violation of his due process rights, the facts alleged in the first amended complaint that are entitled to a presumption of veracity must give rise to the inference that Defendants acted arbitrarily and capriciously in determining Plaintiff's PPRD. If, as Plaintiff alleges, the Commissioners based their decisions on his psychological evaluation and prior arrest for aggravated assault, this does not rise to the level of "arbitrary and capricious" action. Further, "nothing in due process concepts requires a parole board to specify the particular 'evidence' in the inmate's file or at his

interview on which it rests its discretionary determination to deny release." *Walker,* 299 Fed. Appx. At 902 (citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 15 (1979)). Parole commissions are afforded great discretion in making parole and PPRD determinations.

For these reasons, Plaintiff has failed to state any cognizable claims for due process violations, and therefore Defendants' motion to dismiss this claim should be granted. To the extent Plaintiff challenges the manner in which the Commission applied Florida laws governing parole decisions, this challenge would be barred by the Eleventh Amendment. *Thorne v. Pate*, 2011 U.S. App. LEXIS 10620, *9 (11th Cir. 2011) (unpublished opinion).

### 2. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that persons similarly situated should be treated alike. *See, e.g. City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A prisoner asserting an equal protection claim must demonstrate "(1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (citation omitted).

Plaintiff does not allege discrimination based on a constitutionally protected interest, but rather that other prisoners with less education, more extensive criminal histories, and worse prison disciplinary records were granted parole while he was not. (Doc. 5.) The law requires that "[t]o be 'similarly situated,' the comparators must be prima facie identical in all relevant respects." *Grider v. City of Auburn, Ala.,* 618 F.3d

1240, 1264 (11th Cir. 2010) (quotation and emphasis omitted). Even assuming, *arguendo*, that the prisoners serving life sentences for first-degree murder are considered similarly situated comparators, Plaintiff has not alleged that the discriminatory treatment was based on a constitutionally protected interest. Plaintiff alleges only that his educational background, minimal criminal history, and exemplary prison record make him more appropriate for parole than other prisoners. Plaintiff has failed to allege a cognizable claim for violation of his constitutional rights to equal protection. Accordingly, Defendants' motion to dismiss this claim should be granted.

## V. Conclusion

Accordingly, upon due consideration, it is **ORDERED** that:

(1) Defendants' motion to dismiss Plaintiff's first amended complaint, Doc. 13, is **GRANTED**.

(2) Plaintiff's First Amended Complaint, Doc. 5, is **DISMISSED with prejudice**.

(3) The clerk is directed to enter judgment and close the file.

**DONE AND ORDERED** this 22nd day of October 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge